FILE COPY



# Fourth Court of Appeals
## San Antonio, Texas

January 14, 2021

No. 04-21-00002-CV

Vipul **SHAH**, M.D.,
Appellant

v.

Rosalinda **BECERRA**, Individually and as Personal Representative of the Estate of Ramon
Becerra, Deceased, Norma Becerra, and Ramon Becerra Jr,
Appellees

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2019-CI-25919
Honorable Cynthia Marie Chapa, Judge Presiding

# O R D E R

Sitting:    Luz Elena D. Chapa, Justice
Irene Rios, Justice
Beth Watkins, Justice

Vipul Shah, M.D. seeks to appeal an interlocutory order signed by the trial court on December 17, 2020. Our review of the clerk's record raises a question about our jurisdiction over the appeal.

Appellees filed the underlying healthcare liability claim in January 2020, and served an expert report on Shah and the other defendants, as required by Chapter 74 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE § 74.351(a) (requiring claimant to serve, within 120 days of filing, a curriculum vitae and one or more expert reports regarding every defendant against whom a health care claim is asserted). Shah filed objections to the report on January 28, 2020.

On May 20, 2020, appellees filed a motion to overrule all of the defendants' objections to the report. On May 29, 2020, Shah filed a motion to dismiss with prejudice pursuant to section 74.351(b), alleging appellees had not served an adequate report within 120 days after he filed his answer. The motions were set for hearing before the trial court on June 19, 2020. On that date, the trial court signed an order denying Shah's motion to dismiss. The order did not expressly

rule on objections to the report. The case proceeded, and months later, on December 17, 2020, the trial court signed an order that expressly found the expert report sufficient and overruled the defendants' objections. Shah filed a notice of interlocutory appeal on January 4, 2021.

Section 51.014 of the Texas Civil Practice and Remedies Code authorizes appeal from an interlocutory order that:

> (9) denies all or part of the relief sought by a motion under Section 74.351(b), except that an appeal may not be taken from an order granting an extension under Section 74.351; [or]
>
> (10) grants relief sought by a motion under Section 74.351(l).

TEX. CIV. PRAC. & REM. CODE § 51.014(a)(9)-(10). Section 74.351(b) requires a trial court to dismiss a claimant's healthcare liability claim and award reasonable attorney's fees and costs if a claimant fails to serve an expert report within 120 days after the defendant files an answer or serves an inadequate report. *Id.* § 74.351(b); *Lewis v. Funderburk*, 253 S.W.3d 204, 207 (Tex. 2008). Section 74.351(l) requires a trial court to "grant a motion challenging the adequacy of an expert report" if "the report does not represent an objective good faith effort to comply with the definition of an expert report." *Id.* § 74.351(l).

An appeal from an interlocutory order authorized by section 51.014 is accelerated. *See* TEX. R. APP. P. 28.1(a). A notice of accelerated appeal must be filed within twenty days after the order was signed unless a motion for extension of time to file the notice is filed within fifteen days after the deadline. TEX. R. APP. P. 26.1(b), 26.3.

Shah's motion to dismiss sought relief under section 74.351(b). The trial court's June 19, 2020 order that denied Shah's motion to dismiss was then appealable pursuant to section 51.014(a)(9). TEX. CIV. PRAC. & REM. CODE § 51.014(a)(9). Shah's notice of appeal from that order was due July 9, 2020, or a motion for extension of time to file the notice of appeal was due fifteen days later. *See* TEX. R. APP. P. 26.1(b), 26.3. Shah did not file a notice of appeal or a motion for extension of time at that time.

The trial court's order signed December 17, 2020, found the expert report sufficient and overruled Shah's objections to the report. Shah's notice of appeal states he is appealing this order pursuant to section 51.014(a)(9). However, the December 17, 2020 order did not deny any relief sought by a motion under Section 74.351(b). *See* TEX. CIV. PRAC. & REM. CODE §§ 51.014(a)(9); 73.351(b). Rather, the December 17 order denied Shah's challenges to the adequacy of the report, relief he sought under section 74.351(l). An order on a motion brought under 74.351(l) is appealable pursuant to section 51.014(a)(10) only if it *grants* relief. It thus appears the December order is not appealable under section 51.014(a)(9) or (10) of the Civil Practice and Remedies Code.

We therefore order appellant to show cause by **January 28, 2021** why this appeal should not be dismissed for lack of jurisdiction. If a supplemental record is necessary to establish this court's jurisdiction, appellant must request the supplement from the trial court clerk and notify this court of the request.

FILE COPY

All deadlines in this matter are suspended until further order of the court.

_Luz Elena D. Chapa_
Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 14th day of January, 2021.



_Michael A. Cruz_
MICHAEL A. CRUZ, Clerk of Court